UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:14-cr-248 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| MALCOLM HOYLE, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter comes before the Court upon the unopposed motion of defendant Malcolm Hoyle to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 25 (Motion); Doc. No. 27 (Government's Response).) On March 25, 2015, the Court sentenced defendant to a term of imprisonment of 180 months. (Doc. No. 21 (Judgment).) The Court arrived at its sentence after finding defendant to be an armed career criminal. Specifically, the Court found that defendant was previously convicted of three prior offenses which qualified under 18 U.S.C. § 924(e) as predicate "violent felony" offenses.

On June 26, 2015, the United States Supreme Court decided *Johnson v. United States*, --U.S.--, 135 S. Ct. 2551, 2557, 192 L. Ed. 2d 569 (2015), invalidating the residual clause of the Armed Career Criminal Act (ACCA) as unconstitutionally vague. The holding had the effect of narrowing the scope of which predicate offenses counted as violent crimes under the ACCA. The government concedes that at least two of defendant's prior offenses—attempted failure to comply and involuntary manslaughter—can no longer be considered as predicate offenses. Because defendant's sentence "was imposed in violation of the Constitution or laws of

the United States[,]" defendant is entitled to be resentencing.

Accordingly, the Court grants defendant's motion and directs the United States Pretrial Services Office to prepare an updated presentence report. The resentencing hearing in this case is set for Wednesday, December 2, 2015, at 12:30 PM.

**IT IS SO ORDERED**.


Dated: November 6, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**